UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GORMLEY,

    Plaintiff,

vs.                                        Case No. 03-71380

PRECISION EXTRUSIONS, INC.,          HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PRECISION'S MOTION FOR ATTORNEY FEES AND COSTS

I. Introduction

This is a case by a manufacturers sales representative to recover sales commissions. Plaintiff Joseph Gormley (Gormley) sued defendant Precision Extrusions, Inc. (Precision) claiming that he was wrongfully denied sales commissions following his termination based on an oral agreement between the parties.

Precision filed a motion for summary judgment and Gormley filed a cross motion for partial summary judgment. The Court granted Precision's motion and denied Gormley's motion. See Memorandum and Order filed January 6, 2005. Gormley has filed an appeal with the Court of Appeals for the Sixth Circuit which is pending.

Before the Court is Precision's motion for attorney fees and costs. Precision seeks attorney fees in the amount of $89,024.50 and costs in the amount of $2,595.44 on the grounds that it is a prevailing party under the Michigan Sales Representative Act, M.C.L. § 600.2961. For the reasons that follow, the motion will be granted in part and

denied in part. Precision is awarded $53,414.70 in attorney fees. Precision is not entitled to its claimed costs.

## II.  Analysis

### A.  Michigan Sales Representative Act

#### 1.  Gormely's cause of action

The Michigan Sales Representative Act (MSRA), M.C.L. § 600.2961(6), provides as follows:

> (6) If a sales representative brings a cause of action pursuant to this section, the court shall award to the prevailing party reasonable attorney fees and court costs.

The first question, not raised by either party, is whether Gormley actually brought a cause of action under the MSRA. Gormley filed a total of four complaints. On April 8, 2003, Gormley filed a complaint against Precision presenting the following claims: (1) procurement of account, (2) procuring cause doctrine, and (3) illegal attempt to revise agreement. On June 6, 2003, Precision filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to comply with the notice pleading requirements under Fed. R. Civ. P. 8(a). Before the motion could be heard, on July 28, 2003, the Court, by stipulated order, allowed Gormley to file a First Amended Complaint.[1]

On August 3, 2003, Gormley filed a First Amended Complaint, presenting the following claims: (1) procurement of account, (2) procuring cause doctrine, and (3) unjust enrichment, (4) promissory estoppel, (5) bad faith termination of contract, and (6)

---

[1] Precision withdrew its motion to dismiss on July 31, 2003.

illegal attempt to revise agreement.

On August 27, 2003, Precision filed a motion to dismiss for improper venue or in the alternative to transfer venue to the Northern District of Illinois.  On October 8, 2003, Gormley filed a response to the motion together with a motion for leave to file a Second Amended Complaint.  On October 24, 2003, the Court denied Precision's motion and granted Gormley's motion.[2]  See Memorandum and Order Granting Motion for Leave to Amend to File Second Amended Complaint and Denying Motion to Dismiss.  The Court also issued a scheduling order that date.

On November 13, 2003, Gormley filed a Second Amended Complaint, presenting the following claims: (1) breach of contract, (2) procuring cause doctrine, and (3) violation of Illinois Sales Representative Act.

On December 1, 2004, Precision filed a instant motion the Second Amended Complaint for failure to state a claim as to counts one and two and for failure to satisfy Fed. R. Civ. 8(a) as to count three.

On January 9, 2004, Gormley filed a response to the motion to dismiss together with a motion for leave to file a Third Amended Complaint, seeking to raise the following claims: (1) breach of verbal customer procurement agreement, (2) procuring cause doctrine, and (3) violation of Sales Representative Acts of Illinois and Michigan.  Precision objected on the grounds the amendments would be futile.

The Court granted Gormley's motion to file a Third Amended Complaint and denied Precision's motion to dismiss the Second Amended Complaint.  See

---

[2]There was no hearing on the motions.

Memorandum and Order Denying Defendant's Motion to Dismiss Second Amended Complaint and Granting Plaintiff's Motion to File a Third Amended Complaint, filed February 12, 2004.  As the Court read the complaint, Gormley claimed a right to commissions based on the oral agreement.

As to count III, Gormley claimed that Precision's requirement that Gormley sign the written agreement, which he claimed cut off his right to commissions under the oral agreement, was unenforceable under the MSRA.

The Court granted summary judgment in favor of Precision on all counts of Gormely's complaint, including count III.  As to count III, the Court stated:

> As to count III, Gormley claims that the Written Agreement is unenforceable under Michigan and Illinois law as violative of these state's sales representative acts.  As Precision points out, however, nothing in either Michigan or Illinois' sales representative statutes prohibits Gormley and Precision from entering into a written agreement which provides for termination at will and establishes a commission payment structure.  Section 600.2961(8) of the Michigan Sales Representatives' Commissions Act and Section 2 of the Illinois Sales Representative Act merely prohibit parties from waiving, by agreement, commissions due to a sales representative and impose statutory penalties for the failure to timely pay commissions due under the parties' agreement.  Both statutes, however, provide that a written agreement may control the payment of commissions.   See M.C.L. § 600.2961(2); 820 ILCS 120/1 (2)(A).  Indeed, under Illinois law, the only matter which is regulated is the timing of commission payment, see Industrial Representatives, Inc., v. C.P. Clare Corp., 74 F.3d 128, 131 (7th Cir. 1996).  Thus Gormley cannot claim that the Written Agreement modified his right to receive commissions on either the Telex or Trelleborg accounts.
> To the extent that Gormley argues the Written Agreement fails for lack of consideration, his argument lacks merit.  Gormley concedes that under Michigan law, no additional consideration was necessary in order to make the Written Agreement valid.  See M.C.L. § 566.1.  Illinois law, however, requires additional consideration.  The Written Agreement was supported by additional consideration; Gormley asked for and received several modifications which were not part of the oral agreement, including a "death benefit" providing for six months of commissions to his heirs after his death.
> Gormley also argues that the oral agreement gave him the right to future commissions on the Telex account after it moved to Minnesota.  This argument

also fails.  The Written Agreement, as modified, specifically provided that no agreement had been reached with respect to Gormley servicing the Telex account in Minnesota in the future.  Precision therefore did not violate any agreements when it transferred the Telex account to a sales representative in Minnesota.

Overall, Precision is entitled to summary judgment on count III of Gormley's complaint.

The Court is constrained to conclude that Gormley pled a cause of action under the MSRA.

### 2.  Precision's Entitlement to Fees under the MSRA

#### a.  Whether Precision a Prevailing Party

The MSRA provides for a prevailing party to recover attorney fees and court costs.  A prevailing party is defined as "a party who wins on all the allegations of the complaint or on all of the responses to the complaint."  M.C.L. § 600.2961(c). Despite the literal definition, the case law has expanded the term "prevailing party" to include even those prevailing on only one of two alternative theories of liability pleaded.  See H.J. Tucker and Assoc. v. Allied Chucker and Engineering Co., 234 Mich. App. 550 (1999)(literal construction is "too narrow and would defeat the purpose of MCR 2.111(A)(2)").[3]

Gormley makes several arguments as to why Precision is not a prevailing party.  First, Gormley argues that the statutory language relating to attorney fees is not identical for a plantiff and for a defendant.  Whereas a plaintiff must win "on all the allegations of the complaint" a defendant must win "on all of the responses to the complaint."  Gormely suggests that somehow this requirement for a defendant to be

---

[3]Michigan Court Rule 2.111(A)(2) allows for pleadings in the alternative.

considered a prevailing party is stricter. The Court disagrees. The statutory language does not allow for a more stricter reading for a defendant. Indeed, the use of the word "or" to separate the requirements between a plaintiff and a defendant is indicative that they are to be treated equally for purposes of defining a prevailing party. A defendant prevailing on responses to the complaint is the flipside of a plaintiff prevailing on allegations of the complaint. There simply is no basis in the statute to find that a defendant seeking attorney fees under the MSRA has a higher burden. Indeed, "[o]ne purpose of the attorney fee provision is to encourage parties not to assert implausible legal theories or allege questionable facts." Schlesinger v. Customized Transp., Inc., 2000 WL 1279162, * 5 (E.D. Mich. Aug. 28, 2000) (unpublished) (citing Larry J. Saylor, Frederick A. Acomb, Michigan Sales Representative Statute, 73 Mich. B.J. 208, 209 (Feb. 1994)).

    While Gormely is correct that no court appear to have squarely addressed the definition of prevailing party from a defendant's perspective, Schlesinger, supra, involved a defendant's request for attorney fees under the MSRA. Although plaintiff voluntarily dismissed his claim under the MSRA in the face of defendant's summary judgment motion, the court found that defendant's request for attorney fees under the MSRA was premature because plaintiff's breach of contract claim remained in the case. The court noted that if plaintiff prevails on that claim, he may be entitled him to attorney fees, citing H.J. Tucker. The court gave no indication that defendant's request was subject to a higher standard or definition of prevailing party. Moreover, there is nothing in the literature to suggest that a defendant's attorney fee request is to be treated differently. While it may be an open question, to find that a defendant must make a

higher showing in order to be considered a prevailing party would be to engage in judicial legerdemain.

Gormely also argues that the Michigan Court of Appeals' holding in HJ Tucker which allows for a more expansive definition of prevailing party has been altered by its more recent decision in Peters v. Gunnell, 253 Mich. App. 211 (2002). In Peters, the Michigan Court of Appeals considered a plaintiff's attorney fee request under the MSRA. Defendant argued that plaintiff was not a prevailing party because defendant obtained a judgment on its counter complaint and plaintiff was found to have suffered damages less than claimed. The court, citing an insurance case, noted that the statute says that a party prevail on "all" allegations. The court stated that "a party cannot be deemed a prevailing party entitled to reasonable attorney fees and court costs unless that party is found to have prevailed fully on each and every aspect of the claim or defense asserted under the SCRA." Id. at 223. Gormely says the Court of Appeals' statement in Peters makes clear that a prevailing party must prevail on every aspect of the case. Because, says Gormely, Precision did not prevail on its motion to dismiss, or transfer, for lack of venue or on its estoppel or statute of fraud arguments, it is not a prevailing party. To the extent that Peters suggests that a party must prevail on every argument relative to a claim or defense under the MSRA, the Court finds that the holding in H.J. Tucker more persuasive. That is, that a party need only prevail on one claim or defense to be considered a prevailing party. Here, Precision has prevailed on its defense to Gormley's claim under the MSRA. It is therefore a prevailing party within the meaning of the MSRA.

Given that the statute language states that attorney fees "shall" be awarded,

rather than "may" be awarded, it appears that an award of attorney fees is mandatory once a prevailing party has been established; the Court has no discretion. Accordingly, under the statute, Precision is entitled to reasonable attorney fees and costs.

    b. The Propriety of Awarding Attorney Fees to a Defendant as a Prevailing Party

Although Precision is entitled to attorney fees as a prevailing party under the MSRA, the more troubling issue presented by this case how to reconcile the purpose of the statute with the result that statute mandates here; that is, awarding attorney fees to a defendant. Although as discussed above, a prevailing defendant may recover attorney fees, the MSRA authorizes an award to a sales representative up to $100,000 in double damages, in addition to actual damages, where a principal has intentionally failed to pay commissions. M.C.L. § 600.2961. This sanction allows for the inference that Act was passed for the purpose of protecting sales representatives from unscrupulous principals. See Howting-Robinson Assoc. v. Bryan Custom Plastics, 65 F. Supp. 2d 610 (E.D. Mich. 1999) ("The text of the MSRA indicates that the Michigan Legislature, in enacting a heavy penalty against violating principals, intended to ensure that sales representative in Michigan are paid the full commissions to which they are entitled, especially when those commissions fall due after the termination of the employment relationship."). Indeed, the legislative history of the Act also indicates such a purpose:

> Regardless of geographic territory or type of product sold, after the business relationship between a wholesale sales representative and a principal (e.g., a manufacturer or distributor) has been terminated, many sales representative reportedly experience difficulty in recovering commission they have earned. . . . Apparently, to recover a commission, a sales representative must sue in the domicile of the principal, and bear the added costs of attending depositions and trial in another state. Knowing

> that recovery through the courts can be a costly and time-consuming proposition that many sales representatives would wish to avoid, some principals allegedly withhold earned commissions, thus forcing sales representatives either to accept distress settlement (i.e., a portion of their earned commissions not yet received) or to forgo the remuneration completely. To ensure that sales representatives receive the commissions to which they are entitled, it has been suggested that prompt payment of posttermination commissions, and penalties for failure to make the payment, be statutorily mandated.

Walters v. Bloomfield Furniture, 228 Mich. App. 160, 164-65 (1998) (citing Senate Legislative Analysis, SB 717, April 30, 1992).

Here, Gormely failed to ultimately establish his claim in his complaint as to his right to commissions and a judgment was entered in favor of Precision. Precision, like adding salt to a wound, now asks the Court to award it $89,024.50 in attorney fees and $2,595.44 in costs from Gormely. Thus, under the circumstances here, both the purpose of the Act, as well as the equities involved, render attorney fees undeserved by Precision. Nevertheless, the Court is obligated to award them under the MSRA.

### B. Amount of Attorney Fees

While the Court has no discretion in awarding attorney fees under M.C.L. § 600.2961 once a prevailing party is determined, it does have discretion to determine the reasonableness of the attorney fee award, as Precision concedes.

As to whether the amount requested is reasonable, the parties disagree. Gormely argues that the rates are too high and the time spent is excessive, specifically noting that "too many meeting between the members of the defense firm were held."[4]

---

[4] Gormley also argues, without supporting authority, that the Court should defer ruling on Precision's motion for attorney fees and costs until after his appeal has been heard.

9

Precision of course says that the hourly rates charged, which range from $150 per hour for an associate and $290 for a partner are reasonable. Precision attaches the billing records which do not readily indicate the rate for each billing attorney for a particular entry.

While the hourly rates are not in and of themselves unreasonable, the Court finds that the overall attorney time spent on this case is excessive. From as best as can be gleaned, Precision had a total of five billing attorneys on the case. The Court has carefully reviewed the time entries and considered the many filings in the case. Rather than parsing out the entries, the Court, in its discretion, finds that an overall percentage reduction of 40% to the requested attorney fees will make the amount to be awarded reasonable. Thus, Precision is entitled to attorney fees in the amount of $53,414.70 (40 percent of $89,024.50).

### C. Costs

As to costs, Precision seeks $2,595.44. This amount is in addition to the $2,080.36 in taxable costs Precision has been awarded by the Clerk. Precision's additional costs are more appropriately characterized as "expenses" and are broken down as follows:

| | |
|---|---|
| Photocopying and telecopier expenses | $1,703.40 |
| Messenger Services | $201.47 |
| Travel Expenses | $690.57 |

As stated above, the MSRA allows for the recovery of "attorney fees and court costs." It does not say "expenses." At the hearing, the Court allowed Precision to provide authority for an award of expenses over and above the taxed costs under the

MSRA.  To date, Precision has not responded.  The Court finds that the statutory language providing only for "court costs" means that a prevailing party can only recover those costs taxable by the Clerk.  Precision has already recovered those costs.  As such, it is not entitled to the additional amount sought as expenses.

### III.  Conclusion

For the reasons stated above, Precision's motion for attorney fees and costs is GRANTED IN PART AND DENIED IN PART.  Precision is awarded $53,414.70 in attorney fees.  Precision is not entitled to its claimed costs.

An appropriate judgment will be entered in favor of the defendant in the amount of $53,414.70.

SO ORDERED.

      s/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated: May 24, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2005 by electronic and/or ordinary mail.

      s/Julie Owens  
      Case Manager  
      (313) 234-5160